ANDREW COLE

*v.*

JENNIE A. COLE et al.

[Submitted October 26th, 1904.  Decided February 7th, 1905.]

1. A tenant in common, who has been in exclusive possession, may be required to discover and account for rents and profits in proceedings to partition the common property.

2. Land descended to complainant and his brother as heirs of their mother.  The brother conveyed his interest to one who afterwards conveyed to defendant.  The brother also acted as administrator of his mother's estate, and never accounted for her estate, or for moneys collected for it.—*Held*, that complainant could not, in partition proceedings against defendant, to which no representative of complainant's mother or brother was a party, obtain an accounting of the estate of complainant's mother, or have complainant's distributive share of that estate imposed as a lien on defendant's interest in the land.

3. Where a bill combines prayers for proper and improper relief, and a demurrer to the part of the bill seeking improper relief is sustained, the bill will be retained for the administration of the relief properly sought.

4. A demurrer not confined to the part of a bill on which no relief can be decreed, but covering the whole bill, is too broad, and must be overruled if the bill shows one sufficient ground for relief.

On demurrer to bill.

*Mr. Frank E. Bradner,* for the demurrants.

*Mr. J. Merritt Lane,* for the complainant.

MAGIE, CHANCELLOR.

The primary object of the bill demurred to is the partition of land in this state, or a sale if division cannot be made.

By the statements of the bill the land of which partition is sought descended to complainant and his brother, Henry V. Cole, as the only heirs-at-law of their mother, Elizabeth Cole, who died in 1884, seized thereof and intestate, leaving her hus-

band, Enos Cole, surviving her. Thereafter, Henry V. Cole conveyed his interest in the land to Enos Cole, who was the tenant by the courtesy, and Enos Cole thereafter conveyed the same interest to Jennie A. Cole. These conveyances are stated to have been made without consideration.

The bill further states that Henry V. Cole, who died intestate in 1904, during his lifetime had possession of the land in question and took all the rents and profits thereof, and that after his death Jennie A. Cole had possession thereof and took all the rents and profits.

It is further stated therein that Henry V. Cole "acted" as administrator of Elizabeth Cole, deceased, and never accounted for her estate or for moneys collected from fire insurance policies for her estate. Complainant charges that he is entitled to one-half of her estate and moneys, and that Jennie A. Cole, when she took title to the land in question, knew that complainant was entitled thereto.

Upon these statements complainant prays partition or sale of the lands, an accounting for the rents and profits and an accounting for the amount due him from Henry V. Cole for complainant's share of the estate of Elizabeth Cole and the insurance moneys, and that the amounts found due complainant on such accountings should be charged as specific liens upon the share in the lands in question conveyed to Jennie A. Cole.

By an amendment to the bill the marriage of Jennie A. Cole to Frank McGinley is stated, and said Frank McGinley was made a party.

A demurrer is interposed to the whole bill by Jennie A. McGinley and her husband.

The causes of demurrer assigned, in various forms, present, as one ground of objection to the bill, that it is multifarious, in that it combines in one proceeding distinct and disconnected causes of action, as to some of which no relief or discovery may be properly granted against demurrants.

It is first urged that the complainant is not entitled to any discovery or accounting from demurrants for the rents and profits of the land, but this objection is of no force. When a partition is sought, one of the tenants in common, who has been

in exclusive possession, may be required to account for the rents and profits in the same proceedings. *Keeney* v. *Henning, 58 N. J. Eq. (13 Dick.) 74; Hanneman* v. *Richter, 63 N. J. Eq. (18 Dick.) 753.*

It is next urged that the demurrants cannot be called to account for the estate of Elizabeth Cole, or for any liability of Henry V. Cole for said estate, and that no lien can be imposed on the interest in the land belonging to Jennie A. McGinley for any distributive share of said estate to which complainant may be entitled.

If a demurrer had been interposed to this part of the bill, it is obvious that it must have been allowed. No personal representative of Henry V. Cole, or of Elizabeth Cole, is a party to this proceeding. The claim of the complainant for an accounting of the personal estate of Elizabeth Cole requires the presence of such parties before an adjudication can be had. If it be assumed that a decree arising from an accounting of the estate of Elizabeth Cole, and requiring the payment of a distributive share thereof to complainant, could be imposed as a lien on the interest of Henry V. Cole in this land if he were living, or upon the interest therein transferred to Jennie A. McGinley without consideration (which is questionable), such accounting must be sought from those who had the estate to be accounted for, and could not be required from the present owner of the interest in the land, who, so far as appears, never had the estate and could not account therefor.

But the demurrer is interposed to the whole bill. The relief sought by the bill by way of partition and accounting for rents and profits is not objectionable. There is therefore no one sufficient ground set up for relief. The claim for an accounting of the estate of Elizabeth Cole is obviously, as against demurrants, lacking in equity, and the relief sought in that respect cannot be decreed.

Upon a demurrer to that part of the bill being sustained, the bill would proceed for the relief properly sought. *Emans* v. *Emans, 14 N. J. Eq. (1 McCart.) 114.*

A demurrer not confined to a part of a bill, on which no relief can be decreed, but covering the whole bill, is too broad, and

if the bill shows one sufficient ground for relief it must be overruled. *Banta* v. *Moore, 15 N. J. Eq.* (*2 McCart.*) *97; Durling* v. *Hammar, 20 N. J. Eq.* (*5 C. E. Gr.*) *220; Brownlee* v. *Lockwood, 20 N. J. Eq.* (*5 C. E. Gr.*) *239; Garrison* v. *Technic Electrical Works, 55 N. J. Eq.* (*10 Dick.*) *708.*

None of the other causes for demurrer assigned seem to require consideration.

The demurrer must therefore be overruled.