Phillip Kollehner et al., Plaintiffs in Error, v. R. C. Brown, Defendant in Error.

PRACTICE—*when error to dismiss bill of complaint upon sustaining demurrer*. It is error to dismiss a bill of complaint upon sustaining a demurrer which successfully challenges only an incidental portion of the relief prayed.

Bill in chancery. Error to the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

W. D. LYERLE, for plaintiffs in error.

P. E. HILEMAN, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery to foreclose a real estate mortgage, in the Circuit Court of Union county, by plaintiffs in error against defendant in error. The bill was the usual bill in such cases with the usual prayer for foreclosure and for general relief. The prayer contained a clause asking for costs and for "a reasonable solicitor's fee."

To this bill defendant in error filed a demurrer, specifying a number of distinct causes, among them the following: "And for further cause of demurrer this defendant shows to the court, as to the prayer a decree for a reasonable solicitor's fee, that the bill shows that there is no provision in said mortgage or note for such fee."

The court sustained the demurrer as evidenced by an order in language as follows: "And the court being fully advised in the premises, doth sustain the said demurrer." Plaintiffs in error did not ask leave to amend, but announced in open court that they elected to stand by their bill. Whereupon the court decreed that the bill be dismissed and that the plaintiffs in er-

ror pay the costs. This disposition of the case is as-signed as error.

While the court does not state upon what ground the demurrer was sustained, nor which one or ones of the various specified causes of demurrer was sustained, it is, however, clearly apparent from an inspection of the bill, that there could have been no other ground or cause except the one above quoted; and we understand counsel for defendant in error to concede this to be the case. He says: "The only point in dispute in this case was as to solicitor's fee."

Counsel for plaintiffs in error contend that the question raised by the clause of the demurrer referred to, could be determined only at the final hearing of the case. There is but little authority to be found bearing directly upon the question. As tending to support counsel's contention, such expressions as the following may be found in some texts and in a number of opinions: "A demurrer will not be sustained because a prayer is too ample or exacting in the relief sought, but the proper relief can be accorded and limited by the decree." "A demurrer to a prayer for incidental relief is not admissible, for the defendant may avail himself of the objection at the hearing, with every possible advantage that he could obtain by a demurrer." "The fact that a complainant does not ask for the proper relief, or asks for inconsistent relief, is not ground of demurrer."

The most direct and satisfactory authorities we have found are Whitbeck v. Edgar, 2 Barbour's Chancery Reports, 106, and The Western Insurance Company v. The Eagle Fire Insurance Company, 1 Paige's Chancery Reports, 284. In Whitbeck's case the court held that "a demurrer to the whole bill does not lie because the prayer for relief is too broad. The proper course in such case, is to demur to the part of the relief specifically prayed for, to which the complainant is not entitled upon the case made by his bill." And in the Western Insurance Company's case the court

says: "Where the complainant makes a specific claim to particular relief, which he cannot under any circumstances be entitled to at the hearing, perhaps the defendant may object thereto by way of demurrer, although there is also a prayer for general or other proper relief in the bill." And the court in further discussing the same question says: "If such a demurrer be allowable in any case, it ought not to be encouraged, as the defendant may avail himself of the objection at the hearing, with every possible advantage which he could obtain by a demurrer. And the court ought not thus to be called on preliminarily to examine the case in all its bearings, for the purpose of determining what relief the complainant may be entitled to at the hearing, when all the facts and circumstances are fully developed."

While such demurrers are not looked upon with favor, we think them permissible in clearly proper cases, and the case at bar appears to us to be of that class. We are therefore of opinion that the Circuit Court did not err in sustaining the clause of the demurrer above quoted but it does not necessarily follow, that the order dismissing the bill was not error.

The clause of the demurrer sustained was neither a general demurrer nor a special demurrer, in the sense these terms are ordinarily used. It was in no sense a demurrer to the whole bill, nor a demurrer in any material respect affecting the bill as a whole. It was of that class denominated "demurrer to part of a bill." Such demurrers recognize the sufficiency of the bill as a whole, both in substance and in form. They are availed of for the purpose of testing some particular feature of a bill that cannot be properly reached by either a general demurrer or the usual special demurrer. "When the defendant demurs to part of a bill he must plead to or answer the rest." Beach on Modern Equity Practice, Vol. 1, sec. 241.

The effect of sustaining the clause of defendant's demurrer here under consideration was to eliminate

428    APPELLATE COURTS OF ILLINOIS.

Zetsche v. Chicago, Peoria & St. Louis Ry. Co., 143 App. 428.

from the prayer of the bill the part asking for the allowance of a solicitor's fee. It left intact a perfect bill stating a good and meritorious cause of action, with an ample and proper prayer for substantial relief. The sustaining of this demurrer did not impose upon the complainants any duty to amend, nor did it relieve the defendant of the duty to answer the whole bill, except that part covered by his limited demurrer. While it is true complainants might have asked and obtained leave to amend upon the sustaining of the demurrer, had they so desired, still they could not be rightfully required to do so. They had a right to stand by their bill as it remained after the obnoxious part had been eliminated by the demurrer, and to insist upon having due and proper relief thereunder.

We have discussed the case so far upon the assumption that the Circuit Court sustained only the limited demurrer to the part of the prayer of the bill asking for the allowance of a solicitor's fee. If this be true, the court erred only in dismissing the bill and decreeing that complainants pay the costs. If however the court sustained other than that demurrer, as the state of the record indicates to be the fact, then the court erred in that also.

The decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*