William H. Stroh, Thomas Christensen, Fred J. Stein, Henry Brandt, Harmon Heinrichs, Martin Meyer, T. J. Liddle, Charles Sheppleman, Edward J. Steinberg and A. M. Kuntz, Appellants, v. A. J. Casner, Frank Elliott, Peter Leenerman, Henry Zanders and E. Rudolph, President and Board of Education of Sibley High School District, in the County of Ford, and the Sibley High School District, Appellees.

1. EQUITY, § 223*—*what is proper practice when part of bill demurred to.* Where part of a bill in equity is answered and a demurrer is filed to the remainder, the court should first dispose of the demurrer and, if it is overruled, require an answer to the part demurred to and hear the issues made, and if the demurrer is sustained, it should hear the issues made by the answer.

2. EQUITY, § 229*—*when bill may not be dismissed.* Sustaining a demurrer to a part of a bill does not authorize the dismissal of the bill where it contains proper allegations not challenged by the demurrer showing a right to the relief asked.

3. SCHOOLS AND SCHOOL DISTRICTS, § 86*—*who may maintain bill to enjoin performance of void contract by school district.* Owners of property and taxpayers in a township high school district may maintain a bill to enjoin the performance of a contract made by such district and claimed to be void when the performance of it would effect the rights generally of the taxpayers of that school district.

4. SCHOOLS AND SCHOOL DISTRICTS—*what powers are possessed by.* School districts are municipal corporations and have only such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

powers as are specially granted to them by the statutes or such as are necessary to carry into effect such granted powers.

5. SCHOOLS AND SCHOOL DISTRICTS, § 82*—*when school districts no power to make contract.* A high school district and a school district, lying within such high school district, have no power to enter into a contract to build and maintain a school building jointly.

6. SCHOOLS AND SCHOOL DISTRICTS, § 55*—*when officers of schools may not delegate powers.* Boards of education of township high schools and boards of directors of district schools cannot delegate to others the discretionary powers conferred upon them by law.

7. SCHOOLS AND SCHOOL DISTRICTS, § 86*—*when taxpayer may enjoin fulfilment of contract for construction of school building.* A taxpayer in a high school district may enjoin such district and the board of education therein from carrying out an alleged contract with the directors of a school district, situated within such high school district, providing for the joint construction and maintenance of a school building.

Appeal from the Circuit Court of Ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 21, 1916.

CLOUD & THOMPSON, for appellants.

KERR & LINDLEY, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellants, owners of property and taxpayers in the Sibley Township High School District in the County of Ford, filed their bill in chancery against that high school district and its board of education, praying for an injunction and restraining the defendants from issuing certain proposed bonds to the amount of $12,000, and from carrying out "an arrangement" or contract already entered into with School District No. 48, lying within said Sibley High School District, and its board of directors, to jointly build and maintain on the site of the schoolhouse of said District No.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

48, a building to be used jointly by the two districts for school purposes.

Appellees answered so much of said bill as referred to the bond issue, confessing the allegations thereof and admitting that they should be enjoined from issuing such bonds, and filed a demurrer to the balance of the bill. The court, without first disposing of the demurrer, heard the part of the bill answered unto and granted the relief therein prayed. Later the demurrer was heard and sustained. Just what was done by the court with the bill when the demurrer to part of it was sustained is left in doubt. On page 25 of the transcript it is recited that a decree was entered "dismissing the bill of complaint for want of equity * * * which said decree is a separate written and signed decree in the words and figures following; towit." Then follows a decree showing the sustaining of the demurrer and the dismissal of *that part* of the bill demurred to for want of equity, but reciting that as the bill was properly filed to restrain the bond issue, the defendants (appellees) should pay the costs.

Again on page 32 of the transcript appears what purports to be the clerk's record of the same proceedings, showing the hearing on the demurrer, that it was sustained and that a decree was entered "dismissing the bill of complaint for want of equity."

As we view it, it is immaterial whether the bill or part of it was dismissed, either of such orders would be erroneous.

The practice of answering a part of a bill and demurring to the balance, at the same time, in one paper or pleading, while perhaps permissible in some cases, is not to be favored, and when it is done the court should dispose of the demurrer first, and if it is overruled, require an answer to so much of the bill as has not already been answered, and then hear the case on all the issues so made by the pleadings, thereby obviat-

ing the necessity of separate hearings on the merits of the separate issues made by the pleadings. In case the demurrer is sustained, the court should then hear and determine the issues that are made on the part of the bill answered. Sustaining a demurrer to part of a bill does not authorize the dismissal of a bill where it contains proper allegations not challenged by the demurrer showing a right to the relief asked. *Beauchamp v. Gibbs,* 1 Bibb (Ky.) 481; *Cole v. Cole,* 69 N. J. Eq. 3 (59 A. 895); *Kollehner v. Brown,* 143 Ill. App. 425.

That appellees as owners of property and taxpayers in the township high school district may maintain a bill to enjoin the performance of a contract made by such district and claimed to be void, when the performance of it would affect the rights generally of the taxpayers of that school district, has been settled by the Supreme Court. *Stevens v. Henry County,* 218 Ill. 468; *Lindblad v. Board of Education,* 221 Ill. 261.

Counsel for both appellants and appellees have argued this case upon the apparent theory that the sustaining of appellees'·demurrer amounted to a holding by the court that the contract sought to be enjoined was a legal one, and that the bill is sufficient, when the truth of the averments therein contained is confessed by the demurrer to fairly present the question of the legality or illegality of such contract to the court for determination. We will therefore limit ourselves to the determination of that question.

Before the contract can be held to be a legal contract two questions must be answered in the affirmative: First, Can two school districts lawfully unite in building and maintaining a schoolhouse to be used by the two districts jointly? Second, If it would otherwise be legal to so build such a building, would the fact that one person was a member of both the Board of Education of the Township High School District and

the Board of Directors of School District No. 48 render such contract void?

School districts are municipal corporations. As such they have only such powers as are expressly granted to them by statute or such as are necessary to carry into effect such granted powers. *Harris v. Kill,* 108 Ill. App. 305; *School Directors v. Fogleman,* 76 Ill. 189.

We have been cited to no express grant to school boards to do the things contemplated by the contract sought to be enjoined, and indeed it is not claimed that any such power has been expressly conferred upon such boards, but if we understand the argument of appellees, it is contended that from the power to build schoolhouses and maintain schools which both the Township High School District and District No. 48 undoubtedly have, an implied power arises to do those things jointly. We cannot subscribe to that contention. The power given to school districts to build schoolhouses and the power and the duty as well, which is clearly theirs, to maintain public free schools is coupled with ample and expressly defined means by which those things may be accomplished.

By pursuing the means specifically provided by statute, schoolhouse sites may be chosen, purchased and paid for; schoolhouses built and paid for; teachers hired and paid, and schools maintained and the expense thereof paid. No power is granted to or duty imposed upon a school district in these matters which either requires or authorizes a sharing of responsibility, burden or benefit with any other district. The power on the part of appellee to make the contract in question not being necessary in order that it may perform any duty expressly imposed on it or exercise any power expressly given it by law, it cannot be implied.

While the bill does not contain any sufficient averments showing that the contract in question included

a joint operation of the schools by the combined boards of the two districts, the prayer for relief seems to have been drafted upon the theory that such joint operation was contemplated by the terms of the contract. If it was so included, such provisions would be void for the same reason as has already been suggested, and for the further reasons that the law has given to the boards of education of township high schools and the boards of directors of district schools throughout the State many distinct discretionary powers, as, for instance, the employment of teachers, the salary to be paid them, the amount of school to be held, the studies to be taught and many others. The law contemplates that these discretionary powers shall be exercised by those who have been chosen by the people as members of these respective boards, and the people have a right to have those powers exercised by those only in whom they have so placed their confidence; and not by such persons and others jointly. These discretionary powers cannot be delegated. *Lindblad v. Board of Education,* 221 Ill. 261.

Again the discretionary powers of the two boards, while in many respects similar, and in some particulars possibly identical, are also in many respects different. To illustrate, the high school board may establish grades and manual training and domestic science departments. No such authority is given the board of directors of district schools. Other such instances might be cited.

Any contract between a board of education of a township high school by which it is attempted to delegate to or share any of these discretionary powers with a board of directors of a district school is void, and if the performance of such contract involves the expenditure of the money of either of such districts, its performance may be restrained by injunction at the instance of a taxpayer of such district. *Stevens v.*

*Henry County*, 218 Ill. 468; *Lindblad v. Board of Education*, 221 Ill. 261.

For the reasons suggested, the order of the Circuit Court sustaining the demurrer to the bill and dismissing the same is reversed and the cause is remanded to that court with directions to overrule the demurrer and to grant leave to complainants, if they shall seek such leave, to amend their bill so as to show more clearly the terms and provisions of the contract sought to be enjoined, especially with respect to the proposed use in common of such proposed school building by such contracting districts after the same is completed, and for such other proceedings as are not inconsistent with the views here expressed.

In view of what has been said, it will be unnecessary to determine the question whether the fact that one person was a member of both boards when the contract in question was entered into will render the contract void. We think, however, that the point is controlled by what was said by the Supreme Court in *City of Chicago v. Tribune Co.*, 248 Ill. 242.

*Reversed and remanded with directions.*