**L. Kuykendall et al., Appellees, v. J. B. Hughey et al., Appellants.**

1. SCHOOLS AND SCHOOL DISTRICTS—*powers of directors.* School directors can exercise no other powers than those expressly granted or such as may be necessary to carry into effect a granted power.

2. SCHOOLS AND SCHOOL DISTRICTS—*power of directors to erect additional room.* The school directors of a school district had no power to build an additional room to the schoolhouse owned by the district without a vote of the people of the district, where such room was not needed for the accommodation of the pupils of the

district, but was to be rented to the directors of the Community High School District.

3. SCHOOLS AND SCHOOL DISTRICTS—*taxpayer's right to enjoin illegal use of funds by directors.* A taxpayer has the right to maintain a bill for injunction to prevent the improper or illegal use of public funds in building an additional room to the district schoolhouse, without a prior vote of the people of the district, where such room is not needed, but is to be rented to the directors of the Community High School District, even though the building of such room may have been a good business proposition.

4. SCHOOLS AND SCHOOL DISTRICTS—*erection of additional room not "repair" not requiring sanction by vote.* An additional room to a district schoolhouse could not be built without a prior vote of the people, on the theory that the building of such room was but a repair of the schoolhouse, as the meaning of the word "repair" in the statute is used in its ordinary sense and means restoration after decay, injury or partial destruction.

5. JUDGMENT—*entry of decree by clerk as obviating omission of chancellor's signature.* The signature of the chancellor to a decree held not necessary because the entry on the record by the clerk gave it validity.

Appeal from the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922.

CURTIS WILLIAMS and CONRAD SCHUL, for appellants.

W. H. GREEN and E. M. PEAVLER, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellees, citizens and taxpayers in School District No. 88, in Spring Garden Township, Jefferson County, Illinois, filed a bill in chancery against appellants, directors of said district, and the school treasurer of said town, and procured a decree perpetually enjoining them from building an additional room to the schoolhouse owned by said district. Appellant Hughey is also a director of Community High School District No. 205, which embraces practically all of said School District No. 88.

It appears from the bill and the evidence that the

directors of School District No. 88 were proceeding to erect an addition of one room to the schoolhouse without having submitted the question as to whether they should do so to a vote of the people of the district. It also appears that the cost of building the addition would be $1,345, while the district had to its credit but $177.99, and already owed a bonded indebtedness of about $1,250. It also appears that the Community High School District has been using one of the rooms in the schoolhouse of District No. 88 and was in need of another room. It is apparent that the additional room was not needed for the accommodation of the pupils of District No. 88, but was to be rented to the directors of the Community High School District.

Counsel for appellants contend that a vote of the people was not necessary to authorize the erection of the additional room. We are of the opinion that the law is that school directors can exercise no other powers than those expressly granted, or such as may be necessary to carry into effect a granted power. *School Directors v. Fogleman*, 76 Ill. 189; *Harris v. Kill*, 108 Ill. App. 305; *Stroh v. Casner*, 201 Ill. App. 281.

If school directors could build one additional room without a vote of the people there would be nothing to prevent them from building several rooms and in that way change their schoolhouse, which was ample for the needs of their district, into a large and commodious building sufficient to care also for the pupils of the Community High School District. While, in this particular instance, it might be a good business proposition to build the additional room for the purpose of deriving a revenue by renting it to the Community High School District, yet it is sufficient to say that the legislature has not authorized school directors to branch out and engage in such business for such a purpose.

Once such a power is granted, there would be no

limit as to what they might consider as a good business proposition.

In a recent case a school district and a high school district conceived the idea that it would be mutually advantageous to combine their forces and erect one schoolhouse large enough to accommodate the pupils of both districts. The directors thought, no doubt, it would be a good business proposition, but the court held that they were exceeding their power and authority. *Stroh v. Casner*, 201 Ill. App. 281. There can be no question but that a taxpayer has a right to maintain a bill for injunction to prevent the improper or illegal use of public funds. *Lindblad v. Board of Education of Normal School Dist.*, 221 Ill. 261; *Stroh v. Casner*, 201 Ill. App. 281.

The contention of appellants cannot be sustained on the theory that the building of the additional room is but the repair of the schoolhouse and that repairs may be made without a vote of the people. In our opinion the word "repair" is used in the statute in its ordinary sense and means restoration after decay, injury or partial destruction, and does not include alterations or additions which the directors may choose to make. *Hacken v. Isenberg*, 288 Ill. 589.

Counsel also suggest that the decree should be reversed because it was not signed by the Chancellor. His signature was not necessary because its entry on the record by the clerk gave it validity. *Dunning v. Dunning*, 37 Ill. 306; *Horn v. Horn*, 234 Ill. 268-274.

As we find no error in the record the decree is affirmed.

*Affirmed.*