Elder Lee et al., Plaintiffs in Error, v. The Board of Education, Marshall Township High School District No. 200 in Clark County, Illinois, et al., Defendants in Error.

Gen. No. 7,700.

1. STATUTES—*intent of Legislature is test for construction.* In construing statutes the main object is to arrive at the legislative intention which is to be ascertained from a consideration of the entire act itself, its nature, its object, and the consequences which would result from construing it one way or another.

2. SCHOOLS—*object of school laws is to carry out constitution.* The object of the enactment of the statutes relating to schools was to carry out the provisions of the Constitution that the General Assembly shall provide a thorough and efficient system of free schools whereby all children of this state may receive a good common school education.

3. SCHOOLS—*purpose of school system is to promote general intelligence.* The primary purpose of the maintenance of the common school system is the promotion of the general intelligence of the people constituting a body politic, and thereby to increase the usefulness and efficiency of the citizens on which the government of society depends.

4. SCHOOLS—*power of board to enlarge high school and levy tax for same.* The board of education of a high school district is

clothed with the power to determine the size, character, and cost of the high school buildings when no limitation as to the cost has been placed upon them by a vote of the People and whenever in their judgment, after a school building has once been erected, additional facilities are needed by the district, the board has a right, keeping within the limits prescribed by section 189, Cahill's Ill. St. ch. 122, ¶ 313, of the School Act, to levy a tax for the purpose of building an addition to such building and to enter into contracts for its erection and improvement.

5. SCHOOLS—*what is an improvement of high school building within powers of board.* In a suit to enjoin the board of education of a high school district from proceeding with the erection of an addition to an existing school building, held that the proposed addition is an improvement within the meaning of section 189, Cahill's Ill. St. ch. 122, ¶ 313, of the School Law and that the board had a legal right to levy a tax for its construction and to enter into a legal contract for its erection.

Appeal by plaintiffs from the Circuit Court of Clark county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 10, 1924.

O'HAIR & McCLAIN, for plaintiffs in error.

S. M. SCHOLFIELD, ARTHUR POORMAN and EVERETT CONNELLY, for defendants in error.

MR. JUSTICE HEARD delivered the opinion of the court.

In the year 1901, the Marshall Township High School District No. 200 in Clark county, Illinois, was organized as a Township High School District, and since such time has functioned as such. In the same year a schoolhouse site was located according to law, and a school building was built thereon at a cost of approximately $32,000.00, which building was completed in 1904. The front of this building consists of three stories and a basement, and the rear portion, one story and a basement. March 3, 1923, Herschel Snavely, Ed English, Albert Sockler, Mattie Purdunn and Ethel Turman, who then constituted the Board

of Education of said district, entered into a written agreement with the Kirchner Construction Company, a partnership consisting of Charles Kirchner and C. B. Maxwell, to build an addition to said high school building. At the April, 1923 election in said district O. A. Kiser and Carl Taubeneck were elected members of said Board of Education in place of Mattie Purdunn and Ethel Turman.

After the Kirchner Construction Company had started upon the work of building said addition to said building 71 taxpayers and residents of said school district filed a bill in the Circuit Court of Clark county, praying for an injunction against defendants in error, to restrain them from proceeding further with said building operations, to restrain them from paying for said work, and from levying a tax to pay therefor.

A hearing was had in said cause upon bill, answer and evidence heard in open court and, as the result thereof, a decree was entered by the court dismissing the bill for want of equity. To review this decree plaintiffs in error have sued out a writ of error from this court.

Considerable space is devoted in the briefs and arguments of the parties to a discussion of the finances of the district, its funds and the tax levies for educational and building purposes for 1923 and former years, but we will refrain from discussing these questions as plaintiffs in error in their argument say that this whole case turns upon the proposition of whether or not the Board of Education had the right without being authorized to do so by a vote of the people, to contract for the erection of the addition.

We quote as follows from their argument:

"If they did not have the right, then this bill should not have been dismissed and an order should have been entered, in and by which, the defendant would have been restrained and enjoined from taking a portion of the building or educational fund and paying

for the improvement. If they did have the right, then of course the order of the Court was proper.''

The evidence shows that the old building was inadequate for the needs of the district, the attendance having grown from 89 when the building was built to 296 at the time when it was decided to build the addition. The ground dimensions of the addition, as shown by the plans and specifications, are approximately 99 feet by 119 feet. The north wall of the old building was taken out and the corridor extended, making one continuous corridor connecting the addition with the old building. The additional rooms were designed for Domestic Science, Manual Training, and Gymnasium. The same heating plant is used for the old building and the addition. About 35 feet of the old foundation is used as a part of the foundation for the addition. The cubic content of the new addition is approximately 240,000 feet and the cubic content of the old building is approximately 400,000.

By paragraph 99, chapter 122, Cahill's Revised Statutes 1921, which was in force at the time the contract in question was entered into, it was provided: ''For the purpose of building one or more high schools, conducting and supporting such schools and paying all necessary expenses, the territory for the benefit of which a high school is established under any of the provisions of this Act, and all high school districts organized under any statute in force at the time of their organization, and all high school districts legalized by statute shall be regarded as school districts and the board of education of each of said high school districts shall in all respects have the powers and discharge the duties of boards of education elected under the general school law in common school districts having a population of one thousand or more and not exceeding one hundred thousand inhabitants. The board of education of any such high school district shall have the right to build or acquire and main-

tain one or more sites and erect thereon buildings when in their judgment such additional facilities are needed by the district and the site or sites therefor have been lawfully selected." By section 127, [Cahill's Ill. St. 1921, ch. 122, ¶ 137] of the same Act they are given power to repair and improve school houses. By section 189 [Cahill's Ill. St. 1921, ch. 122, ¶ 313] of the same Act it is provided that:

"For the purpose of establishing and supporting free schools for not fewer than seven months in each year and defraying all the expenses of the same of every description; for the purpose of building, repairing and improving school houses, or procuring school land, furniture, fuel, libraries, and apparatus and for all other necessary incidental expenses in each district, village or city, having a population of less than two hundred thousand inhabitants, the directors, the board of education and the authorities of such district, village or city, as the case may be, shall be authorized to levy a tax annually upon all the taxable property of the district, village or city not to exceed, except as hereinafter stated, two per cent for educational purposes and three-quarters of one per cent for building purposes and the purchase of school grounds, upon the valuation to be ascertained by the last assessment for State and county taxes; *provided,* that any sum expended or obligations incurred for the improvement, repair or benefit of school buildings and property shall be paid from that portion of the tax levied for building purposes and the purchase of school grounds. *Provided, however,* that if the directors or board of education in any such district, village or city, shall desire to levy or cause to be levied in any one year more than two per cent but not more than three per cent for educational purposes and more than three-quarters of one per cent but not more than one per cent for building purposes and the purchase of school grounds, such directors or board of education may, by resolution stating the per cent so desired cause a proposition for an assent thereto to be submitted to the voters of such district, village

or city at any general or special election, and if at such election a majority of the votes cast on said proposition shall be in favor thereof, the directors or board of education of such district, village or city may thereafter until such authority is revoked in like manner, levy annually for educational purposes a tax in excess of two per cent but not exceeding the per cent mentioned in said proposition, and a tax for building purposes and the purchase of school grounds, in excess of three-quarters of one per cent but not exceeding the per cent mentioned in said proposition for such purposes. Such propositions may be submitted at any time, and from time to time, to the voters of such district, village or city, at any such election at the instance of such directors or board of education; and such directors or board of education shall levy or cause to be levied no tax in excess of two per cent for educational purposes, or in excess of three-quarters of one per cent for building purposes and the purchase of school grounds that shall not be authorized by the result of such election, ascertained as aforesaid unless and until assented to by the voters of such district, village or city in like manner.''

By Cahill's Ill. St. 1921, ch. 122, ¶ 137, subd. 5, boards of education are empowered to buy or lease one or more sites for schoolhouses with the necessary grounds, but it is provided that it shall not be lawful for such boards to purchase or locate a schoolhouse site, or to purchase, build or move a schoolhouse, unless authorized by a majority of all the votes cast at an election called for such purpose.

In the construing of statutes the main object is to arrive at the legislative intention which is to be ascertained from a consideration of the entire act itself, its nature, its object and the consequence, which would result from construing it one way or the other. *Blattner v. Dietz*, 311 Ill. 445. The object of the enactment of the statutes in question was an attempt on the part of the Legislature to carry out the provision of the Constitution which provides that the General As-

sembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education. Const. 1870, Art. 8, sec. 1. The primary purpose of the maintenance of the common school system is the promotion of the general intelligence of the people constituting a body politic, and thereby to increase the usefulness and efficiency of the citizens, on which the government of society depends. *Bissell v. Davison,* 65 Conn. 183, 32 Atl. 348; *Ransom v. Rutherford County,* 123 Tenn. 1, 130 S. W. 1057.

The precise question involved in this case has never been directly passed upon by the Supreme Court of this State, but that court has frequently held that no election is required to be held to authorize the levy of a tax for building purposes under the section above quoted. *People v. Hassler,* 262 Ill. 133; *People v. Chicago & A. R. Co.,* 257 Ill. 208; *People v. Bell,* 309 Ill. 387. In the latter case it was said: "The authority to levy a tax for building purposes is intended to provide for the needs of the district for building, repairing and improving the school house and property for the ensuing year."

Wherever the evidence shows that a building has been erected in the district. or that the erection of a building was contemplated, a tax levied for building purposes will be upheld. *People v. Elgin, J. & E. R. Co.,* 255 Ill. 269.

In *People v. Scott,* 300 Ill. 290, it is said:

"It is well established by the decisions of this court that unless the school board has been limited by the vote of the people it has the right to use its own discretion as to the character of the building to be built, and that in its levy for building purposes it has the right to levy sums in addition to the amount voted to pay for the building if such additional sums should be required to build the character of building that it has determined the needs of the district demand. * * * It is also argued by appellants that the school

board in question did not have in contemplation at the time of the levy the actual building of a schoolhouse, but was only intending to accumulate money by the levy to build a schoolhouse at some time in the future, without any definite idea as to when it would build or as to how much the building would cost. This contention is not supported by the record. It appears positively by the record that the school board had made definite inquiries as to what amount would be required to build the schoolhouse it had in mind and had obtained information thereon from two different sources, and that the intention was, as already stated, to obtain plans and specifications and build the schoolhouse when the circuit court litigation was settled.''

It is to be observed that by paragraph 313, *supra*, the Board of Education is not limited to levying a tax for repairs of schoolhouses as seems to have been held in *Kuykendall v. Hughey*, 224 Ill. App. 550, but is also authorized by that section to levy a tax for the purpose of building and improving schoolhouses.

Improving a schoolhouse is a very different matter from repairing a schoolhouse. This distinction is drawn in *Hacken v. Isenberg*, 288 Ill. 589, where it is said: ''The word 'repair' has its ordinary meaning in this clause as given in Funk & Wagnall's New Standard Dictionary: Restoration after decay; waste; injury or partial destruction; supply of loss; reparation. It does not include, in this lease, alterations or additions that the lessee may choose to make. Alterations and additions are provided for in the fourth clause of the lease, as aforesaid, and the express provisions of the lease forbid the lessee from making any alterations whatever except by written consent of the lessor. No such written consent was ever given by the lessor, and there is no contention that he did. The quoted provision that all alterations and additions to said premises shall remain for the benefit of the lessor unless otherwise provided in said

consent is a provision merely as to the ownership in case such improvements are made.'' It is to be noted that in this case additions are called improvements.

In *Drennan v. Mercantile Trust & Deposit Co.,* 115 Ala. 592, 23 So. 164, in drawing a distinction between improvements and repairs, it is said:

"We find no averment  *  *  *  of the mortgaged property by the laborers whose wages are unpaid, and to whose claims petitioners have succeeded, as would entitle them to priority over the bondholders. There are averments of repairs to the coke ovens and to the railroad; but mere casual and incidental repairs, such as are implied here,—the mere mending of a break or defect caused by current use, etc.,—are not improvements or betterments, within the rule we are considering. The improvements must be of such character as to add a value, in a sense permanent, to the property, so that the security of the bonds is thereby increased, before the bondholders can be called upon to make restitution of that value to the laborers.''

In 14 R. C. L. 15, it is said:

"Generally speaking, the word 'improvement' may be said to include everything that enhances the value of premises permanently for general uses. The phrase 'permanent improvements' means something done to or put on the land which the occupant cannot remove or carry away with him, either because it has become physically impossible to separate it from the land, or because, in contemplation of law, it has been annexed to the soil and is therefore to be considered a part of the freehold. Among the most common illustrations of improvements may be enumerated the erection of a building, making substantial additions or changes in existing buildings.''

The board of education whose acts are sought to be enjoined in this case is not a board of education elected under the general school law in a common school district having a population of 1,000 or more and not exceeding 100,000 inhabitants, but is the

board of education of a high school district which has given it, in addition to the powers and duties given to the former, "the right to build or acquire and maintain one or more sites and erect thereon buildings when in their judgment such additional facilities are needed by the district and the site or sites therefore have been lawfully selected."

For the consideration of the statutes and the decisions of the Supreme Court of this State the rule may be deduced that the board of education of a high school district is clothed with the power to determine the size, character, and cost of the high school buildings when no limitation as to the cost has been placed upon them by a vote of the people, and that whenever in their judgment, after a school building has once been erected, additional facilities are needed by the district, the board of education, keeping within the limits prescribed by paragraph 313 *supra,* has a right to levy a tax for the purpose of building an addition to said school building, and to enter into contracts for the purpose of the erection of such addition or improvement.

In our opinion the addition, the erection of which is sought to be enjoined in the present case, is an improvement within the meaning of said paragraph 313, and that the Board of Education of Marshall Township High School District No. 200, in Clark county, Illinois, had a legal right to levy a tax for the construction of such addition, and to enter into a valid contract for its erection.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*