MARIE PAPROCKI, Plaintiff-Appellant, v. BOARD OF EDUCATION OF MC-HENRY COMMUNITY HIGH SCHOOL DISTRICT No. 156, McHENRY COUNTY, Defendant-Appellee.

(No. 73-267;

Second District (2nd Division)—August 22, 1975.

Ligtenberg, DeJong & Poltrock, of Chicago, for appellant.

Joslyn & Green, of Woodstock (Barbara J. Walters, of counsel), for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant (Board) dismissed plaintiff, a tenured teacher, after a hearing which was held pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1971, ch. 122, § 24—12). Plaintiff, under judicial review, appealed the administrative findings to the circuit court which affirmed the Board's decision.

The plaintiff raises a number of issues for review but we need only consider whether a reasonable written warning of remediable causes is required to be given a tenured teacher before the Board can find the same causes to be grounds for discharge, and whether the warning, if required, must be sent by the Board.

It was conceded by the Board that plaintiff, a biology teacher at McHenry Community High School for 23 years, was highly trained and educationally well qualified to teach that subject. On April 5, 1971, however, plaintiff received the Board's notice of discharge which was based upon reports of her incompetency as a teacher. She requested a public hearing and a bill of particulars. The bill of particulars listed 22 causes (2 of which were later withdrawn and 2 dismissed). Those remaining posed various examples of plaintiff having failed to maintain proper control over students, and permitting the destruction of school property, as well as her failure to follow the advice of administrators.

Plaintiff moved that the charges be dismissed on the grounds that the causes given were remediable and that the Board, prior to notice of discharge, had failed to give reasonable and written warning of these remediable causes. (Ill. Rev. Stat. 1971, ch. 122, § 24—12.)[1] The Board denied her motion on the basis that plaintiff had, on June 3, 1969, received a letter from the high school principal pointing out certain of her deficiencies, and additionally found that "while said reasons for discharge may have once been remediable, they have now become irremediable [grounds for discharge] in that they have continued over a long period of time."

On administrative review, the circuit court held that the principal's letter did not qualify as notice of remediable causes but, nevertheless, found that no notice was required in that the once-remediable causes had, by the passage of time without correction, become grounds for discharge.

Our legislature gave boards of education the power to fire teachers

---

[1] "Before service of notice of charges on account of causes that are considered remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

for certain enumerated causes. (Ill. Rev. Stat. 1971, ch. 122, § 10—22.4.) This power is a discretionary power which cannot be delegated or limited by contract. *Lindblad v. Board of Education,* 221 Ill. 261, 271-72 (1906); *Board of Education v. Rockford Education Association, Inc.,* 3 Ill.App.3d 1090, 1093 (1972); and *Elder v. Board of Education,* 60 Ill.App.2d 56, 68 (1965). "* * * The law contemplates that these discretionary powers shall be exercised by those who have been chosen by the people as members of these respective boards, and the people have a right to have those powers exercised by those only in whom they have so placed their confidence, and not by such persons and others jointly." *Stroh v. Casner,* 201 Ill.App. 281, 286 (1916).

■■ An adjunct of the power to discharge a tenured teacher is the corresponding duty that the board of education make the initial determination of whether a cause is remediable or grounds for discharge. (*Wells v. Board of Education,* 85 Ill.App.2d 312, 315 (1967).) This determination involves an exercise of judgment and, where found to be cause for discharge, is subject to judicial review. *Pittel v. Board of Education,* 20 Ill.App.3d 580, 586 (1974).

When a board determines the cause to be grounds for discharge, it may send the tenured teacher notice of discharge without prior written warnings, but when a board determines a cause to be remediable, it must send a teacher written warning. If the remediable cause is not thereafter corrected within a reasonable period of time, it may then be grounds for discharge. (Ill. Rev. Stat. 1971, ch. 122, § 24—12.) The notice of remediable cause is jurisdictional, and a board's failure to give such warning deprives a board of the jurisdictional authority to discharge the teacher for those causes. *Miller v. Board of Education,* 51 Ill.App.2d 20, 29 (1964); *Allione v. Board of Education,* 29 Ill. App.2d 261, 267 (1961); *Keyes v. Board of Education,* 20 Ill.App.2d 504, 509 (1959).

■■ In the case at bar, the Board does not dispute that the causes were at one time remediable but it, in fact, never made a timely determination that such remediable causes existed. Not having made such determination, the Board did not send the statutorily-required written notice of remediable cause to the plaintiff. By such failure, the Board was without the jurisdiction to later determine that the once-remediable causes had become grounds for discharge. To hold otherwise would be tantamount to granting school boards a means whereby, through the simple passage of time, they could effectively avoid the statutory mandate of notice for remediable causes required by section 24—12 of the School Code.

■■ While the Board admits that it sent no notice to plaintiff, it asserts

that the letter which plaintiff received from the school principal fulfilled the notice requirement of section 24—12. As previously discussed, the duty to send notice of remediable cause lies solely with the Board, and is a nondelegable responsibility. The principal's letter cannot, therefore, serve in lieu of notice from the Board. Since no written warning of remediable causes was sent by the Board, its action was not within the contemplation of the statute and was void *ab initio*. (*Yesinowski v. Board of Education*, 28 Ill.App.3d 119, 122 (1975).) Its decision must therefore be reversed. *Everett v. Board of Education*, 22 Ill.App.3d 594, 599 (1974); *Waller v. Board of Education*, 13 Ill.App.3d 1056, 1058 (1973).

Judgment reversed.

RECHENMACHER, P. J., and DIXON, J., concur.