JEROME A. LITIN, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 78-723

Opinion filed May 21, 1979.—Supplemental opinion filed on denial of rehearing on June 25, 1979.

Ligtenberg, DeJong, Poltrock & Giampietro, of Chicago (Lawrence A. Poltrock, of counsel), for appellant.

Michael J. Murray, of Chicago (Christine Cheatom, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The Board of Education of the City of Chicago (Board) dismissed Jerome A. Litin (plaintiff), a tenured teacher, under the provisions of section 34—85 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—85). The dismissal was affirmed on administrative review. Plaintiff appeals.

In this court, plaintiff contends: (1) The Board did not serve plaintiff with a reasonable warning in writing as required by section 34—85 of the School Code; and, therefore, the Board was without jurisdiction to hear charges against plaintiff and order his dismissal; and (2) the decision of the Board was against the manifest weight of the evidence. The facts pertinent to our decision follow.

Plaintiff had been a teacher in the Chicago Public Schools for 21 years. At the time of his dismissal, he was a tenured teacher at Von Steuben Upper Grade Center. His last efficiency rating in June 1973 was "excellent." On March 19, 1976, the principal of Von Steuben issued to plaintiff a written "E-1" notice stating plaintiff's performance was unsatisfactory. The notice also contained suggestions for improvement if plaintiff wished to secure a higher rating and a warning that "failure to remove these causes, may result in charges as provided by statute."

On September 8, 1976, the principal served plaintiff with an "E-2" notice indicating his performance had not improved and his efficiency rating would be recorded as unsatisfactory. On October 1, 1976, an E-2 conference was held in the Bureau of Teacher Personnel for the purpose of reviewing and discussing with plaintiff the evaluations of his service. Plaintiff, the principal and other school officials were present. On May 25, 1977, the General Superintendent of Schools preferred charges against plaintiff for failure to perform his duties and responsibilities as a teacher in the Chicago Public Schools. The Superintendent averred that from September 3, 1975, through October 1, 1976, plaintiff had failed: to maintain proper order and discipline among his pupils; properly to supervise movements of students in his classroom to the cafeteria and to exits at dismissal time; to display his students' work on bulletin boards and to improve the appearance of his classroom; to implement an organized and effective instructional program, all notwithstanding numerous requests, suggestions, directives and orders from his superiors. Plaintiff was suspended from duty pending hearing on the charges.

Hearings were held on June 23 and July 6, 1977. On July 27, 1977, the

Board confirmed the dismissal of plaintiff by adopting the report of the trial committee.

Plaintiff and the Board agree that if the causes are remediable, a written warning stating those causes which may result in charges must be sent to a tenured teacher before the Board has jurisdiction to hear charges and dismiss the teacher. They also agree that the causes herein were remediable and that the substance of the written warning received by plaintiff was sufficient to meet the statutory requirements of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—85). Therefore, the only issue we need consider is whether the written warning may be sent by the principal in lieu of the Board.

The pertinent statute states in relevant part (Ill. Rev. Stat. 1975, ch. 122, par. 34—85):

"Before service of notice of charges on account of causes that may be deemed to be remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

Plaintiff cites *Paprocki v. Board of Education* (1975), 31 Ill. App. 3d 112, 334 N.E.2d 841, in support of his contention that the Board has a nondelegable duty to serve the notice on a tenured teacher. In *Paprocki*, the plaintiff was a tenured teacher with 23 years of experience. The Board of Education of the McHenry County District dismissed plaintiff after allegedly following the procedures set forth in section 24—12 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—12). Plaintiff therein contended that the Board had not given the required statutory notice in writing and, therefore, it was without jurisdiction to dismiss plaintiff. The Board maintained that the written notice sent by the principal met the requirements of section 24—12. This statute provided in relevant part (Ill. Rev. Stat. 1971, ch. 122, par. 24—12):

"Before service of notice of charges on account of causes that are considered remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

This court (Second District) stated that the power to hire and fire is a discretionary one which cannot be delegated or limited by contract. The court held (31 Ill. App. 3d 112, 114-15):

"The notice of remediable cause is jurisdictional, and a board's failure to give such warning deprives a board of the jurisdictional authority to discharge the teacher for those causes. *Miller v. Board of Education*, 51 Ill. App. 2d 20, 29 (1964); *Allione v. Board of Education*, 29 Ill. App. 2d 261, 267 (1961); *Keyes v. Board of Education*, 20 Ill. App. 2d 504, 509 (1959).
       * * *

While the Board admits that it sent no notice to plaintiff, it asserts that the letter which plaintiff received from the school principal fulfilled the notice requirement of section 24—12. As previously discussed, the duty to send notice of remediable cause lies solely with the Board, and is a nondelegable responsibility. The principal's letter cannot, therefore, serve in lieu of notice from the Board. Since no written warning of remediable causes was sent by the Board, its action was not within the contemplation of the statute and was void *ab initio*."

The Board contends that *Paprocki* is inapplicable to the instant case because section 34—85 applies to cities of over 500,000 inhabitants while section 24—12 (involved in *Paprocki*) applies to all other cities. Plaintiff maintains that since the wording of these sections is identical in the pertinent portions thereof, the reasoning in *Paprocki* governs the instant case.

During oral argument, the Board countered by stating that the legislature had amended section 24—12 four days after the decision in *Paprocki* to require that "a board must give the teacher reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges." (Ill. Rev. Stat. 1977, ch. 122, par. 24—12.) Section 34—85 has not been so amended. The Board reasoned that the fact the legislature did not amend section 34—85 to require specifically that the Board itself must give notice evidences an intent by the legislature to permit Boards operating under this particular section of the statute to delegate this duty to the principals.

■■ On the contrary, it appears to us that the situation here is governed by the fundamental rule of statutory construction that "the legislature knew of the prior interpretation placed on its language by judicial decision." (*Illinois Power Co. v. City of Jacksonville* (1960), 18 Ill. 2d 618, 622, 165 N.E.2d 300.) This rule has also been stated as, "[w]hen a statute is amended after judicial opinions construing it have been published, the legislature is presumed to have acted with knowledge of those opinions." *Leischner v. Daniel's Restaurant, Inc.* (1977), 54 Ill. App. 3d 568, 570, 370 N.E.2d 157.

In the case before us these two sections of the School Code had identical language with reference to the service of the warning notice upon the teacher. The legislature amended section 34—85 of the School Code pertaining to schools in cities with population over 500,000 on four occasions all after the decisions in *Paprocki* and in *Bessler v. Board of Education* (1973), 11 Ill. App. 3d 210, 212, 296 N.E.2d 89. (Ill. Ann. Stat., ch. 122, par. 34—85, at 56 (Smith-Hurd 1978 Supp.).) None of these amendments pertain to the question of service of the warning notice. We are required to presume that the legislature tacitly approved of the court

interpretations of the language used in this provision by permitting it to remain unchanged by the various amendments.

■■ ■ The inherent fallacy in the Board's argument is that it fails to recognize that the authority of the School Board to hire and fire a teacher is discretionary and cannot be delegated or exercised by someone other than the Board. (*Paprocki*, 31 Ill. App. 3d 112, 114, and cases cited therein.) "This is true even where the delegation is expressly authorized by the School Board." (*Bessler*, 11 Ill. App. 3d 210, 212.) Thus, the Board necessarily retains the sole nondelegable duty and power to: (1) determine whether the causes which may result in charges are remediable, and (2) if remediable, to serve the required notice on the teacher. (See *Aulwurm v. Board of Education* (1977), 67 Ill. 2d 434, 442-43, 367 N.E.2d 1337; *Bessler*, 11 Ill. App. 3d 210.) As a consequence, the principal's letter in the instant case cannot serve in lieu of notice from the Board. The Board was therefore without jurisdiction to hear charges and dismiss plaintiff. See *Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 388 N.E.2d 398.

Accordingly, the judgment appealed from is reversed and the case remanded for further proceedings not inconsistent with this opinion. In view of this disposition, we need not consider plaintiff's additional issue as to whether the decision of the Board was against the manifest weight of the evidence.

Judgment reversed and cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Upon detailed consideration of the petition for rehearing filed by the Board, we wish to point out:

(1) Page 3 of the petition states that the amendment to section 24—12 of the School Code, which required the service of notice by the Board, "ultimately passed both Houses on June 26, 1975." The petition states on page 4 that the *Paprocki* decision was not filed until August 22, 1975. Therefore, the Board urges that this amendment to section 24—12 necessarily did not result from *Paprocki*. Reference to our opinion shows that in this regard we simply paraphrased a contention made by the Board in oral argument before us. The very next two paragraphs of our opinion show we first cited the general legal theory that where legislative amendments are made after judicial opinions, the legislature is presumed to have acted with knowledge of those opinions. The paragraph immediately following states that the legislature amended section 34—85

of the School Code on four occasions, all after the decisions in *Paprocki* and in *Bessler* which dealt with language in section 24—12, virtually identical to that used in section 34—85. We therefore were obliged to reach the result that by four nonpertinent amendments to section 34—85 the legislature, at least by implication, manifested a desire to permit this section to remain unchanged as regards the point here at issue.

(2) As applicable here, section 34—85 (Ill. Rev. Stat. 1975, ch. 122, par. 34—85) provided:

> "Before service of notice of charges on account of causes that may be deemed to be remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

This same section of the 1975 statute also provides that all principals shall be given "reasonable advance notice * * * in writing" of a proposed reclassification. At the present time, by amendment, this section provides (Ill. Rev. Stat. 1977, ch. 122, par. 34—85):

> "Before service of notice of charges on account of causes that may be deemed to be remediable, the teacher or principal shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

Thus, in the present version of the Code, as above shown, there is provision for service of notice upon both the principal and the teacher with reference to remediable charges. In the event of either an attempted removal or reclassification of a principal, he certainly could not be expected to serve a warning notice upon himself. In view, therefore, of the language now appearing in the statute, the only natural and logical interpretation is that reasonable warning in writing regarding remediable charges shall necessarily be served upon the teacher by the Board.

In our view, this progression of four statutory changes, all adopted by the legislature after the decisions in *Paprocki* and *Bessler*, reflects a clear statutory intent to provide for service of warning notices by the Board for remediable matters. Also, special emphasis must be placed upon the change from 1975 to 1977 above noted to broaden the requirement of warning notices to include principals. These factors strengthen the implication that such notices must be served by the Board.

(3) We have given special attention to the statements in the petition that our decision "will hamper the efficient and effective operation of the Board" and also "undermine the evaluation and supervision of teachers by principals." We have concluded that these matters should be addressed to the legislature.

The petition for rehearing is accordingly denied. The alternative request for a certificate of importance is also denied.

O'CONNOR and CAMPBELL, JJ., concur.