WILLIAM H. CARTER, Plaintiff-Appellee, *v.* STATE BOARD OF EDUCATION *et al.*, Defendants-Appellants.

First District (3rd Division) No. 80-324

Opinion filed November 26, 1980.

Michael J. Murray, of Chicago (Christine Cheatom, of counsel), for appellants.

DeJong, Poltrock & Giampietro, of Chicago (Lawrence A. Poltrock and Michael Radzilowsky, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The Chicago Board of Education preferred charges of dismissal for cause against William H. Carter, a tenured teacher. The charges included failure to maintain discipline in the classroom and the use of corporal punishment. The Board decided that the deficiencies were irremediable. After one abortive attempt, it began dismissal proceedings against Carter which resulted in his discharge. Carter took an administrative appeal to the circuit court, which ordered him reinstated. We reverse that decision and adopt the finding of the hearing officer.

Carter, an employee of the Chicago schools since 1964, received his

first unsatisfactory efficiency rating in September of 1977. His principal suggested improvements, but they apparently were not accepted. On December 13, 1977, a second rating of unsatisfactory was given. On December 20, 1977, Carter's principal recommended discharge. The recommendation was given to the general superintendent of schools. He in turn made a similar recommendation to the Chicago Board of Education (Board).

At its July 19, 1978, meeting, the Board accepted the superintendent's recommendation. But before dismissal proceedings could begin, the provisions of the Teacher Tenure Act dealing with dismissal proceedings (Ill. Rev. Stat. 1977, ch. 122, par. 34—85) were changed. Before August 7, 1978 (the effective date of the amendment), the Board could adopt charges and then proceed at its own pace to notify the teacher. But once it had notified the teacher, a hearing before a trial committee of the Board had to follow within 30 days. After August 7, 1978, once the Board approved charges it immediately had to request the State Board of Education to appoint a hearing officer to adjudge the charges against the teacher. The teacher had to be notified within 10 days of the adoption of the charges. Once the hearing officer was chosen, the hearing had to be held within 45 days. Ill. Rev. Stat. 1979, ch. 122, par. 34—85.

Apparently unaware of the change in the statute, the superintendent did not request the appointment of a hearing officer but waited until September 28, 1978, to notify Carter of the charges against him. The notice informed Carter that he was immediately suspended and that a hearing, before a trial committee of the Board, was scheduled for October 24, 1978. This was in keeping with the now outdated provisions of the Act that had been in effect when the Board approved the charges in July.

On October 12, 1978, Carter called the Board's attention to the change in the statute. Carter took the position that a trial committee was no longer the appropriate body to conduct the hearing. On October 18, 1978, Carter filed a motion with the Board to dismiss the charges against him. He asked that the scheduled hearing be cancelled because the superintendent's September notice "was without legal force and effect." He demanded reinstatement and suggested that the Board could, if it wished, adopt a new motion under the currently effective statute. On October 20, 1978, Carter's attorneys were informed by telephone that the October 24 hearing would not be held. But despite two requests by Carter, no written disposition of the charges was received from the Board.

For two months Carter was in limbo. He continued to be suspended without pay, but the Board did not reschedule a hearing. On December 21, 1978, the superintendent informed Carter the Board had reapproved

the charges against him the day before. In keeping with the new statute, it had requested the State Board of Education to appoint a hearing officer. Carter was notified that his suspension would continue while the charges against him were considered.

The case then proceeded, within the time limits imposed by the amended statute, to a hearing before a hearing officer selected by the parties. Carter moved to dismiss the charges because of the delay between the initial notification of the charges in September and the final hearing, which was held in March of 1979. He argued that before the Board began to comply with the statute on December 21, 1978, it had kept him on suspension for 91 days without a hearing, and so lost jurisdiction under the Teacher Tenure Act. The hearing officer denied the motion. However, he found that the earlier proceedings, because they were initiated under a statute no longer in force, were void *ab initio* and could not have supported Carter's suspension. For that reason, Carter was awarded back pay from September 28, 1978, to December 21, 1978, the first date on which his suspension was authorized by statute. The hearing officer found ample evidence to support the charges against Carter, and so he was discharged.

■■ The central problem in this case can be traced to the Board's first attempt to initiate dismissal proceedings against Carter. If the September notice had any legal effect, then either under the old statute or the new the Board failed to hold the hearing in time. The delay in holding the hearing would be fatal, because the statutory time limits are mandatory, not directory. Failure to comply destroys the jurisdiction of the hearing officer. (*Jones v. Hannon* (1978), 58 Ill. App. 3d 504, 507, 374 N.E.2d 834, 837; *Foley v. Civil Service Com.* (1980), 89 Ill. App. 3d 871, 412 N.E.2d 612.) This was the basis for the circuit court's decision reinstating Carter.

If, however, the first notification and attempted suspension were void *ab initio*, as the hearing officer found, or if Carter successfully obtained a dismissal of the July charges, then the applicable time limits did not begin to run until the new charges were approved on December 21, 1978. The 91-day period which the Board apparently spent deciding what to do next did not deprive it of the jurisdiction to discharge its employee. Carter's suspension from September to December would be improper, to be sure, and he would be entitled to back pay for that period. But the hearing officer would have been able to hear the charges (there being no double-jeopardy problem), and Carter's dismissal should be upheld.

Because Carter objected to the Board going ahead under the outdated procedure, he cannot now complain of the delay in implementing the new dismissal proceedings. The July charges were started under the

old statute. We believe that the Board could have proceeded with a hearing before a trial committee as scheduled, since nothing in the amendment terminated disciplinary proceedings that had already begun under the prior statute and the procedure it established.

■■ Once Carter himself requested that the Board proceed under the new disciplinary procedure, the Board was correct to accept the motion to dismiss the July charges. It should have given Carter written notification at that point of that fact and immediately restored him to his position with back pay. However, once the July charges were dismissed, the Board was free to start over again the correct way. By objecting to a procedure against him under the old statute, Carter himself caused the delay attendant upon re-instituting proceedings under the amended statute. Both parties agree that the second attempt to discharge Carter fully complied with the applicable provisions of the Teacher Tenure Act. Carter should not be placed in a position of benefiting from the delay he brought about by precluding the Board from proceeding under the amended statute because of the delay. The circuit court therefore erred in reinstating Carter; it should have affirmed the hearing officer's determination that he was entitled only to back pay from September to December.

■■ The Board challenges the hearing officer's authority to award back pay. The Act provides, however:

"Pending the hearing of the charges, the person charged may be suspended in accordance with rules prescribed by the board but such person, if acquitted, shall not suffer any loss of salary by reason of the suspension." (Ill. Rev. Stat. 1979, ch. 122, par. 34—85.)

Although the dismissal of the July charges was not an acquittal of Carter, neither was it a finding that the suspension was justified. We feel that this provision fully authorized the award of back pay by the hearing officer in this case.

Carter argues in addition that the hearing officer's findings were against the manifest weight of the evidence. Without going into the testimony produced at the hearing in great detail, we note that Carter admitted having problems with discipline. He said he resorted to corporal punishment on several occasions, a practice expressly forbidden by Board rule. Carter explained his problems by saying that his class contained children who were mentally handicapped to the extent that special educational techniques were necessary, techniques with which he was not sufficiently familiar. According to Carter's principal, Carter's class contained slow learners, but not any students classified as in need of special education.

■■ Carter urges that his teaching deficiencies were remediable, and that

he did not receive the notice required for such deficiencies. The test is whether the conduct resulting in damage done to students, faculty or school could have been corrected had the teacher's superiors warned him. (*Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 331-32, 388 N.E.2d 398, 405.) Performance which could have been remediable standing alone becomes irremediable when combined with other conduct. (*Gilliland v. Board of Education* (1977), 67 Ill. 2d 143, 154, 365 N.E.2d 322, 326.) Corporal punishment is an irremediable cause for dismissal. (*Lowe v. Board of Education* (1979), 76 Ill. App. 3d 348, 355, 395 N.E.2d 59, 63-64.) The hearing officer's determination on remediability will not be disturbed unless contrary to the manifest weight of the evidence. *Gilliland*, 67 Ill. 2d 143, 153, 365 N.E.2d 322, 326.

■■ Like the circuit court, we cannot say that the hearing officer's finding was against the manifest weight of the evidence. In the face of repeated warnings Carter violated Board rules and because he did not maintain discipline in his classroom, destroyed the chances of an entire class for a year's education. Carter was correctly discharged for cause. *Litin v. Board of Education* (1979), 72 Ill. App. 3d 889, 391 N.E.2d 62, is inapplicable, for there the teacher's deficiencies are remediable.

The circuit court is therefore reversed, the hearing officer's findings are affirmed, and Carter is discharged from his position.

Judgment reversed.

McNAMARA and RIZZI, JJ., concur.