## City of Spring Valley, Appellee, v. Chicago, Ottawa & Peoria Railway Company, Appellant.

### Gen. No. 6,031.

1. FRANCHISES, § 6*—*when ordinance grants use of street for interurban railroad.* In a suit to restrain an interurban electric railway from operating its trains over a street, an ordinance *held* to clearly grant a right of way thereon for the use to which it was being put.

2. MUNICIPAL CORPORATIONS, § 83*—*how ordinances construed.* Ordinances must be construed as a whole, liberally, and so as to ascertain and give effect to the legislative intent.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed April 14, 1916.

CAIRO A. TRIMBLE, for appellant.

C. N. HOLLERICH, for appellee; J. L. SPAULDING, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In this case, appellee, City of Spring Valley, a municipal corporation, filed a bill in equity, in the Circuit Court of Bureau county, against appellant, the Chicago, Ottawa & Peoria Railway Company, alleging that the appellant is wrongfully in possession of and controlling and maintaining a piece of railroad track, one hundred and seventy rods in length, located upon and along a street called Peru street, in the City of Spring Valley, between the eastern limits of the city and a point called Gunther's Curve, together with a number of poles, cross-arms, cables and wires, used in connection with the running of electric motor cars, engines and trains, and in the operation of its electric road along the piece of track in question; and further alleging that the appellant is running a large number of passenger, freight, baggage and express cars and engines, and express, freight and passenger trains, over its line of railway, between the City of Princeton and the Cities of Morris and Ottawa, LaSalle and Peru, to, through and from the City of Spring Valley, and over and along the piece of railroad track in question; and that such use of Peru street, where said piece of track is situated, is without license, authority, franchise, grant or right; and that it is therefore a continuous trespass and a nuisance, and a permanent and a legal obstruction in the street in question; and praying for an injunction to restrain the appellant from running or operating its cars, trains, engines or motors over the piece of railroad track on the street in question, and from using said street for the purpose of operating a railroad thereon; and also praying for a mandatory writ of injunction requiring the appellant to remove from said street every part of said railroad track, cross-arms, poles, cables and wires; and all alleged obstruction of said street making up a part of said track and equipment thereto.

The cause was referred to the master in chancery, who heard the evidence and reported that the appel-

lant had no legal right to use and maintain the tracks and electrical equipment upon the disputed strip, nor to operate its railroad thereon; and the court entered a decree, approving the master's report, and directing that the appellant be restrained from the use of the tracks and equipment on said street, for the purpose of operating a railroad, of any kind, after nine months from the time of the filing of the decree; and that the appellant be required, within the nine months, to remove the tracks and electrical equipment from the street. The appellant prosecutes an appeal from this decree.

It appears from the evidence that the original grant of a right of way to operate electric cars through the City of Spring Valley, and over the strip of track in dispute, on Peru street, was made to the Illinois Valley Traction Company, which was organized as an Illinois corporation under the General Incorporation Act, for the purpose of building and operating a system of street railways and country interurban railways in the counties of Bureau and LaSalle; and this grant of a right of way was made by the City of Spring Valley, upon the petition of the traction company, filed in February, 1902, asking a franchise to build an electric street railway through the city. It was expressly stated in the petition that the traction company had incorporated for the purpose of building, and intended to build, a continuous electric interurban line from Ottawa, and from LaSalle to Ladd, through to Princeton; and that it expected to have its entire line completed some time in the year 1903; and that it was the purpose of the company to commence the construction of its line from LaSalle to Ladd at once.

It is true, as claimed by appellee, that the ordinance, which was passed pursuant to the petition referred to, granted the right of way through the City of Spring Valley, and over the disputed strip on Peru street, for street railway purposes; but it is manifest that

the council, in granting the petition and passing the ordinance, understood perfectly that the street railway purpose for which the traction company intended to utilize the right of way was the running of interurban electric cars through the city, as it was in effect stated in the petition. And the traction company, upon the assumption that it had obtained the right to run its interurban cars through the city, by such grant, built the tracks in question on Peru street and through the city, and used them for such purpose, without objection by the City of Spring Valley, from the time it commenced the operation of its railway in 1903 to about July 1, 1904, when the traction company transferred its rights, property and privileges, as an interurban electric railway, to the Illinois Valley Railway Company.

The record shows that the Illinois Valley Railway Company was incorporated about the time of this transfer, under the Railroad Act of Illinois, for the purpose of operating a commercial and interurban railroad from Joliet through the intervening Cities of Norris, Marseilles, Ottawa, La Salle, Peru and Spring Valley to Ladd and Princeton. By the transfer mentioned, this railway company legally acquired all the lines of railroad in La Salle and Bureau counties, including the piece of railroad track in question, from the Illinois Valley Traction Company, together with all the rights of way and franchises of the traction company in the City of Spring Valley. And the Illinois Traction Company thereupon continued in the operation of the interurban electric railroad through the City of Spring Valley, and over the disputed strip, on Peru street, from the date of the transfer until about April 15, 1908, when the Illinois Valley Railway Company, by proper conveyance, assigned its rights of way, track privileges and franchises to the appellant; and the appellant then continued in the operation of the same interurban electric railway through the

City of Spring Valley up to the present time; and the piece of track in dispute now forms a small link in the continuity of the appellant's line of railway, operating between the Cities of Joliet, Ottawa, LaSalle and Peru, and Princeton and Ladd.

It is claimed by appellee that inasmuch as the grant of right of way through the City of Spring Valley stated in the ordinance was for street car purposes, those purposes cannot be considered as including the use of the right of way by interurban electric cars, even though the city authorities granting the right of way privileges may have actually intended to include them; and even though the city, by repeated acts, through ordinance and by resolutions, may have recognized and sanctioned such use of the right of way in question.

While there may be some force in this contention, we are of opinion that whatever doubt might have existed about the use of this right of way through the City of Spring Valley and over the strip in dispute, for an interurban or commercial railway, such doubt was removed by the ordinance which was passed by the City of Spring Valley on April 24, 1906, in which the Illinois Valley Railway Company was granted the additional franchises and rights of way, and expressly granted the right "to operate railway cars and coaches for the transportation of passengers, baggage, United States mail, express matter and freight," through the City of Spring Valley.

This ordinance grants the right to construct additional railway tracks and equipment, and to operate the railroad along certain streets, which are named, "commencing at a point on the public highway, leading from the City of Peru in LaSalle county, Illinois, to the City of Spring Valley, where the railroad track of the Illinois Valley Railway Company, now constructed and in operation, turns southerly towards what we call Webster Park." Following the special

grant, the ordinance contains the following expression of the purposes for which it was passed, namely: "It is the intention hereof to afford the said Illinois Valley Railway Company a right of way into the City of Spring Valley from the east and through the same to the western boundary lines thereof."

It will be noticed that the ordinance refers to the strip of track in dispute, which was the easterly entrance of the railway company into the city, as the highway where the railroad tracks of the Illinois Valley Railway Company are now constructed and in operation. Thus, in connection with the expressed intention in the ordinance, it takes cognizance of the fact that the Illinois Valley Railway Company was then operating its railway upon the track in question, as a part of its right of way, and using this entrance into the city is so clearly expressed, that there is no room Railway Company a complete right of way through the city is so clearly expressed, that there is no room left for a doubt. The only query that could be raised would be, where it was intended by the ordinance that this right of way should be exercised.

Inasmuch as there was no right of way into or through the city, except over the disputed strip, and as this was the only entrance which the railway company had into the city, and the only connection with the right of way expressly granted in the ordinance, the conclusion is irresistible that the disputed strip was included in the rights of way intended to be granted by the ordinance; especially, when it is considered that the right of way of the railway company into and through the city would not be complete nor usable without this strip.

Ordinances should be so construed as to ascertain the legislative intent, and in construing ordinances they must be looked at as a whole. (*Gage v. City of Chicago,* 196 Ill. 512; *Gage v. Village of Wilmette,* 230 Ill. 428; *McChesney v. City of Chicago,* 173 Ill. 75; *City*

*of Chicago v. Wilshire,* 243 Ill. 123.) Ordinances, no less than statutes, should be liberally construed in order that their true intent and meaning may be carried out. (*People v. Dill,* 1 Ill. 257; *Harrison v. People,* 195 Ill. 466.)

That the disputed strip was contemplated by the city to be included in the grant of the right of way through the City of Spring Valley in the ordinance of April 24, 1906, is further evidenced by the fact that the city afterwards, on April 6, 1910, adopted an ordinance granting to appellant the right to build, construct and maintain a side track from the disputed strip, which is designated as a part of the main line of its railroad, to St. Bede College land, which side track, proposed by the ordinance, was to be operated by appellant for the purpose of hauling coal, freight and other materials from the main line to St. Bede College.

We are of opinion, that it was the purpose of the ordinance of April 24, 1906, to grant and legalize the right of way of the Illinois Valley Railway Company, to operate an interurban and commercial railway through the City of Spring Valley and over the disputed strip, as a part of such right of way, and that by the terms of the ordinance, the Illinois Valley Railway Company did obtain such right, and that the right thus granted and obtained was legally conveyed and transferred to the appellant; that the appellant, at the time of the filing of the bill of complaint, was in the legal possession of said right, and that, therefore, there is no equity in appellee's bill of complaint, and the same should have been dismissed. And for the reasons stated, the decree should be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Decree reversed and cause remanded with directions.*