(No. 12307.—Judgment affirmed.)

THE PEOPLE *ex rel.* Charles H. Gersch, Plaintiff in Error, *vs.* THE CITY OF CHICAGO *et al.* Defendants in Error.

*Opinion filed December 18, 1918.*

1. PENSIONS—*police pension not payable to person still a member of police force.* Under the Police Pension Fund law a pension is payable only to one who has served on the police force for twenty years or more and has ceased to be a member of the police department, and not to a person who is still a member thereof.

2. SAME—*salary at time person ceases to be member of force is the basis for computing pension.* Under the Police Pension Fund law the amount of salary paid to a police officer at the time he ceased to be a member of the police force is the basis upon which his pension is to be figured and not the salary attached to such office at a time several years later, when he is seeking to establish and enforce his rights.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

A. B. CHILCOAT, for plaintiff in error.

SAMUEL A. ETTELSON, Corporation Counsel, (JAMES W. BREEN, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Charles H. Gersch, filed in the superior court of Cook county his petition in the name of the People, making the city of Chicago, the trustees of the police pension fund of the city, and city officials, defendants, and praying for a writ of *mandamus* commanding the trustees to forthwith enroll his name as one of the beneficiaries of the police pension fund from March 15, 1918. The court sustained a demurrer to the petition and dismissed it at the cost of the relator.

The petition sets out the several acts under which the city of Chicago was organized as a municipality, beginning

with the act revising the charter in 1863 and including the general act for the incorporation of cities, villages and towns, under which the city is now organized. It also sets out ordinances providing for a police department and making appropriations for the payment of members of that department, and alleges that on September 11, 1874, the relator was appointed a police patrolman and served as such until July 1, 1893, when he was promoted to the rank of patrol sergeant and continued as such until June 31, (?) 1895, when he was again promoted to the rank of sergeant of police and continued as such sergeant of police from thence hitherto, never having legally been reduced or removed therefrom by due process of law; that the General Assembly passed an act, in force July 1, 1887, to provide for the setting apart, formation and disbursement of a police pension fund in cities, villages and incorporated towns, by which any person who should at that time or thereafter have been duly appointed and sworn and have served for the period of twenty years or more upon the police force, should,. after becoming fifty years of age and his services having ceased, be paid from such pension fund a yearly pension equal to one-half the amount of the salary attached to the rank which he may have held for one year next preceding the expiration of said term of years; that on July 31, 1909, LeRoy T. Stewart was appointed superintendent of police of the city, and thereafter the relator was notified to appear before the civil service trial board, which had no jurisdiction over him because he was not a sergeant of police under and by virtue of a civil service examination; that he refused to submit to the jurisdiction of the board and the board directed Stewart to discharge him, and that he was declared discharged by Stewart, superintendent of police, on December 2, 1910. It further alleges that the relator made application on March 15, 1918, to the board of trustees for a pension from that date, after having made a demand upon the city of Chicago, the mayor and the superintendent of

police to restore his name upon the roster of the police force with the rank of sergeant of police and upon the pay-roll, to the end that he might receive his salary therefor from month to month.

The relator sued out a writ of error from this court and has assigned for error the sustaining of the demurrer and dismissing his petition, on the ground that the attempted discharge or removal from the police force set forth in the petition was null and void and he was thereby deprived of his rights, in violation of section 2 of article 2 of the constitution of this State and section 1 of the fourteenth amendment to the constitution of the United States.

The petition alleges that the attempted discharge by the superintendent of police from the police force was null and void for want of jurisdiction in the civil service trial board, and therefore the relator has continued as sergeant of police from thence hitherto, never having been removed from that position by due process of law. If the relator is right in that conclusion he is not entitled to a pension, which is payable only to persons who have served on the police force for twenty years or more and have ceased to be members of the police department. The petition also alleges as a conclusion of law that having served for twenty years or more upon the police force the right of the relator to a pension became a fixed statutory right, of which he could not be deprived except by due process of law. If the first conclusion of the relator is incorrect and he ceased to be a member of the police force on December 2, 1910, he would only be entitled to a yearly pension equal to one-half of the amount of salary attached to the rank of sergeant of police at that time and would not be entitled to a pension equal to one-half of the salary attached to the office on March 15, 1918, which he claimed. If it be conceded that the relator had acquired on December 2, 1910, the right to a pension, of which he could not be deprived by the trial board or superintendent of police, the right was to a pen-

sion at the rate then allowed by the law. Whether the relator is still a police sergeant and member of the police force and therefore entitled to his salary from month to month, or was removed on December 2, 1910, no right secured to him by the bill of rights or the fourteenth amendment to the constitution of the United States has been in any manner infringed upon by the refusal of the trustees of the police pension fund to accede to his demand for a pension equal to one-half of the salary of a sergeant of police on March 15, 1918.

The judgment is affirmed.          *Judgment affirmed.*

---

(No. 12298.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT JOHNSON, Plaintiff in Error.

*Opinion filed December 18, 1918.*

1. CRIMINAL LAW—*what evidence will support a conviction for murder.* Proof that the defendant, having in his possession a basket of stolen goods from a recently burglarized house, shot a plain-clothes policeman when the latter asked what he had in the basket and started to raise the cover, justifies a conviction for murder whether or not the defendant knew the deceased was an officer.