O'Neill v. Harding, 233 Ill. App. 444.

## John J. O'Neill, Appellee, v. George F. Harding et al., Appellants.

### Gen. No. 29,021.

1. MUNICIPAL CORPORATIONS—*salary at date of retirement as fixing amount of pension of retired fireman.* Under the provision of section 8 of the Firemen's Fund Act, Cahill's Ill. St. ch. 24, ¶ 949, that, upon retirement of a fireman under conditions entitling him to a pension, "such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement," the amount of the pension is fixed at the date of the retirement and is not changed by subsequent increases or decreases in the salary paid to active members of the department.

2. STATUTES—*legislative intention as fundamental test in construction.* The fundamental rule in statutory construction is to ascertain and give effect to the intention of the legislature.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Reversed and remanded with directions. Opinion filed June 30, 1924. Rehearing denied July 11, 1924.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; CORA B. HIRTZEL, Assistant Corporation Counsel, of counsel.

JOSEPH A. RICKER, for appellee; OSCAR NELSON, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

The action in this case is a petition for mandamus filed by John J. O'Neill against the respondents, in regard to the payment of the pension of O'Neill.

The petitioner alleges, in substance, that he was duly appointed a member of the Fire Department of the City of Chicago on December 1, 1891; that he served continuously until November 20, 1918, and that

on that date he was over the age of fifty years; that by reason of his service and age he is entitled, under the Firemen's Pension Fund Act, to a monthly pension equal to one-half the amount of the monthly salary attached to the rank which he held at the date of his retirement, namely, the rank of fireman of the first class; that at the date of his retirement the salary attached to the rank of fireman of the first class was fixed at $1,500 per annum by an ordinance duly passed by the City Council of the City of Chicago; that on January 1, 1919, the salary attached to the rank of fireman of the first class was, by an ordinance duly passed by the City Council of the City of Chicago, increased from $1,500 per annum to $1,800 per annum; that on January 1, 1920, the salary attached to the rank of fireman of the first class was, by an ordinance duly passed by the City Council of the City of Chicago, increased from $1,800 per annum to $2,000 per annum; and that since January 1, 1920, the salary attached to the rank of fireman of the first class in the City of Chicago has been $2,000 per annum, payable in monthly instalments; that by reason of the increases in the salary attached to the rank of fireman of the first class he was entitled to receive the sum of $75 per month, as pension from January 1, 1919, to January 1, 1920, being equal to one-half the amount of monthly salary attached to the rank of fireman of the first class, which he held in the fire service at the date of his retirement; that from January 1, 1920, he was entitled to receive as a pension the sum of $83.33 per month, which was a sum equal to one-half the amount of monthly salary attached to the rank of fireman of the first class, which he held in the fire service at the date of his retirement; that since his retirement on November 20, 1918, he has been receiving a monthly pension of $62.50, which was equal to one-half of the amount of monthly salary received by him at the date of his retirement from the fire service; that he demanded of respondents payment of a month-

ly pension equal to one-half the amount of monthly salary attached to the rank which he held in the fire service at the date of his retirement, and also payment of $941.65, which is the difference in the amount received by him and the amount he was entitled to by reason of the increases. The prayer of the petition is that the respondents pay him, in the future, a monthly pension of one-half the amount of monthly salary attached to the rank of fireman of the first class, which he held in the fire service at the date of his retirement, and the sum of $941.65 due him from January 1, 1919, to date, by reason of the increases in the pay of fireman of the first class in the City of Chicago.

The respondents filed a general demurrer to the petition. The demurrer was overruled and the respondents elected to stand upon their demurrer. Thereupon the writ of mandamus was issued and the respondents prosecuted this appeal.

The only question involved on the appeal is the construction of section 8 of the Firemen's Pension Fund Act. The pertinent part of section 8, as the section was in force at the time of the retirement of the petitioner, is as follows:

"Any fireman of any such city, after having served twenty (20) years as a fireman, of which the last five (5) years shall be continuous, may retire from active service, and when such retired fireman shall have reached the age of fifty (50) years the board shall order and direct that such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement; *provided* that the retired fireman has remained in good standing by paying to the treasurer of the board all his monthly contributions from the time of his retirement until he shall have reached the age of fifty (50) years as required by this Act. *Provided, further,* that the pension so paid shall not exceed the sum of three thousand ($3,000) dollars per annum,

nor be in any case less than six hundred ($600) dollars per annum.'' Cahill's Rev. Stat. (1921), ch. 24, ¶ 949, p. 720.

The precise part of section 8 which is in controversy is the following clause: ''such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement.''

It is the contention of counsel for the petitioner that the clause in question does not restrict a fireman's pension to one-half of the amount of monthly salary that he was actually receiving at the time of his retirement, but permits the amount of the pension to increase proportionately with an increase of the salary attached to the rank of fireman. On such a construction of the statute it would logically follow that the amount of the pension would also decrease proportionately with a decrease of the salary attached to the rank of fireman. That the salary would ever be decreased is a remote possibility, but such a contingency may be considered in determining the intent of the legislature. Is it a fair and probable presumption that the legislature intended to convey the idea that the pension should increase and decrease proportionately with an increase or decrease of the salary? Is it not a more probable presumption that if the legislature had intended to establish such a system of pensions, the legislature would have expressed the idea explicitly?

Counsel for the petitioner contend that in construing the statute the phrase ''at the time of his retirement'' does not qualify the word ''salary'' alone, but relates to the entire clause ''salary attached to the rank which he may have held in the fire service.'' According to this interpretation the ''salary attached to the rank'' may vary, and consequently the amount of the pension, which is one-half of the ''salary attached to the rank,'' may also vary. In our opinion the con-

struction contended for by counsel for the petitioner is a refined and artificial construction, rather than a reasonable and natural one. We think that the intent of the statute is to fix the pension at one-half the amount of the salary that a fireman is receiving at the time of his retirement. It will be observed that only the words "attached to" are used, and that they are not followed by any words which might impute a meaning of future operation of the statute, such as the words "and which may hereafter attach to." The words "attached to" seem to limit the pension to one-half the amount of the salary of the fireman at the time he retires. In our view, if the legislature had intended that the statute should have the effect attributed to it by counsel for the petitioner, the legislature would have expressed such intention clearly and expressly, and would not have left the question of intention in a matter of this importance to be determined by conjecture. The fundamental rule in statutory construction is to ascertain and give effect to the intention of the legislature. 36 Cyc. p. 1106. It certainly cannot reasonably be said that the intention contended for by counsel for the petitioner is plainly expressed. To arrive at such an intention, it is necessary to import into the statute an idea that is not clearly inferable from the language of the statute.

We find support for our position in the opinion in the case of *People ex rel. Gersch v. City of Chicago*, 286 Ill. 105. We do not refer to that case as concluding the question in the case at bar. But in that case the question of a pension of a policeman, who had served twenty years, was involved, and in the pension act considered by the court there occurs a clause which is similar to the one in controversy in the case at bar. The clause is as follows: "a yearly pension equal to one-half the amount of the salary *attached to the rank which he may have held* for one year next preceding the expiration of said term of years." The construc-

tion given this clause by the court implied that the pension of the policeman was fixed and did not vary. The language of the court in this respect is as follows (p. 107): "If the first conclusion of the relator is incorrect and he ceased to be a member of the police force on December 2, 1910, he would only be entitled to a yearly pension equal to one-half of the amount of salary attached to the rank of sergeant of police at that time and would not be entitled to a pension equal to one-half of the salary attached to the office on March 15, 1918, which he claimed." The question whether the phrase "the salary attached to the rank which he may have held," was susceptible of the construction that the pension could be increased with the increase of the "salary attached to the rank," was not raised or discussed, but it is evident that as a question of first impression the court did not think that the phrase was intended to have such effect.

Counsel for the petitioner argue that the operation of the statute in the case at bar would be unjust and unreasonable if the amount of the pension did not increase proportionately with the increase of the salary. To illustrate their argument counsel offer the following hypothetical case:

"A fireman retires in 1924, when the pay for firemen, of his rank, is, for the purposes of argument, $200 per month. He would be entitled, under the Firemen's Pension Fund Act, to $100 per month as a pension. Three years afterwards, supposing that the economic conditions have changed and that the pay of active firemen, of his rank, is fixed at $75 per month. We would then have the anomalous situation of an active fireman receiving $75 per month and a pensioned fireman receiving $100 per month, when the same economic conditions apply to the active firemen as well as the pensioned firemen. Was it the intent of the Legislature, or is there reason in justice, that would require an active fireman to subsist at $75 per month salary, when a pensioned fireman was receiving $100 per month pension, when not in active service?

The pendulum of economic conditions might swing the other way. The cost of living might increase to an enormous extent. Wages of firemen might be made $500 per month by the municipal authorities in order to meet the change of conditions and the high cost of living. If the argument of counsel for respondents is correct, the relator, and others situated in the same position, would still be entitled to only $62.50 per month pension, or not enough to even approximately buy him his daily bread, without taking into consideration the family usually dependent upon a man of his age.''

The illustration of counsel for petitioner presents a forceful and convincing argument that a pension system embodying the idea suggested by counsel would be more desirable and equitable than the one now in force; but in view of the fact that in our opinion the statute does not reasonably admit of a construction which would give effect to the plan proposed by counsel for the petitioner, the argument of counsel is not relevant. The argument could be made to the legislature with a view to securing an amendment to the Firemen's Pension Fund Act.

In support of their contention counsel for the petitioner cite the cases of *Rumetsch v. Davie,* 47 Cal. App. 512, and *Aitken v. Roche,* 48 Cal. App. 753, in which pensions of policemen were involved. The facts in those cases are different from the facts in the case at bar. It is true that statutes containing clauses similar to the one in the case at bar were construed by the court; but in both cases the pensions were allowed on account of physical disability; and the statutes provided that in case the disability of a pensioner shall cease the ''pension shall cease'' and the pensioner ''shall be restored to the service in the rank he occupied at the time of his retirement.'' The pensioners were considered by the court to be members of the police department, although not in active service. If, however, the cases cited by counsel for the petitioner should be construed as sustaining the construction of

the statute in the case at bar contended for by counsel, we would not accept them as authority for the reason, as we have previously stated, that in our opinion the statute will not, in the case at bar, fairly and reasonably admit of such an interpretation.

For the reasons stated the judgment of the superior court is reversed and the cause remanded with directions to sustain the demurrer.

*Reversed and remanded with directions.*

MATCHETT, P. J., and McSURELY, J., concur.