# George O. Smith, Appellant, v. County of Bureau, in State of Illinois, Appellee.

## Gen. No. 7,629.

1. STATUTES—*intent of legislature as fundamental rule of construction.* A fundamental rule in statutory construction is to ascertain and give effect to the intention of the legislative body which passed the act.

2. STATUTES—*rules for determination of legislative intent in construction of statutes.* The intent of the legislature in adopting an act is to be ascertained from a consideration of the entire act, the law existing prior to its passage, any changes made in the law by the act, the apparent motive for making such changes, and the consequences which will result from construing it one way or the other.

3. SCHOOLS—*resolution of county board allowing additional salary to county superintendent as effective after subsequent salary increase by act of legislature.* In June, 1919, following the reelection of a county superintendent of schools for a 4-year term to begin in August, 1919, the county board, pursuant to section 27 of the Fees and Salaries Act of 1909, then in force, voted payment to such officer out of the funds of the county a salary of $500 in addition to the $2,250 salary allowed to him out of the State school fund by such act, and on July 1, 1919, there became effective an amendment to such act increasing the salary of such superintendent to $2,800. Held that the resolution of the board aforesaid was superseded by such amendment and did not have the effect of fixing the salary at $3,300 for the term beginning in August, 1919.

4. SCHOOLS—*validity of salary increase act as applied to county superintendent re-elected prior to enactment for term to begin after its effective date.* Laws 1919, p. 559, amending section 27 of the Fees and Salaries Act of 1909 by increasing the salaries of county superintendents of schools in counties of a certain population who entered upon the discharge of their duties after July 1, 1919, from $2,250 to $2,800, was not invalid as increasing the salary of an officer during his term of office as applied to a county superintendent of a county of that class who was re-elected in 1918 to serve for a term of four years to begin in August, 1919.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed June 19, 1926.

CAIRO A. TRIMBLE and PERRY D. TRIMBLE, for appellant.

JOSEF T. SKINNER, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellant, George O. Smith, began suit in the circuit court of Bureau county against appellee, the County of Bureau, to recover $2,000, being a balance of salary alleged to be due him as county superintendent of schools. A demurrer was sustained to the declaration, appellant elected to stand by his declaration, judgment was entered accordingly, and this appeal was prosecuted.

The declaration consisted of two counts. The first count alleged that at the general election in November, 1918, appellant was elected county superintendent of schools for a term of four years to begin on the first Monday of August, 1919; that at the June meeting, 1919, of the board of supervisors, a motion was adopted as follows: "Moved by Cadwalader, seconded by Brown that the salary of Geo. O. Smith, Co. Supt. of Schools, be raised $500 to begin August 1, 1919. On vote motion carried"; that subsequent thereto, before the first Monday in August, 1919, appellant qualified in the manner provided by law; that the board of supervisors had not prior to said June meeting, 1919, passed any motion or resolution affecting the compensation of appellant; that appellant entered upon his duties on the first Monday of August, 1919, and continued to discharge them for the full term of four years until August 5, 1923; that by reason thereof the appellee became liable to pay appellant said sum of $500 per annum, and being so liable, and in consideration thereof, appellee promised to pay said sum on request, yet the appellee has not paid said sum to the damage of appellant.

The second count is substantially the same as the first, and in addition thereto, alleged the election of appellant to said office at the general election in 1910, his re-election in 1914, and in 1918, and that he duly qualified and served.

Section 27 of the Fee and Salary Act of 1909 [J. & A. St. ¶ 5628] provides that county superintendents of schools shall receive in full, for their services in counties which according to the census of 1900 contained a population of more than 36,000 and not exceeding 50,000, $2,250 per annum, payable quarterly from the State school fund, provided, however, that the board of supervisors may allow additional compensation for such services, payable quarterly from the county treasury.

After the board of supervisors passed the resolution to raise the compensation and make $500 payable out of the county treasury, the legislature, in 1919, amended section 27 so as to provide that county superintendents who shall enter upon the discharge of their duties after July 1, 1919, shall receive for their services, in counties which according to the census of 1910 contained a population of more than 36,000 and not exceeding 50,000, $2,800 per annum, payable quarterly from the State school fund; provided, however, that the board of supervisors may allow additional compensation for such services payable quarterly from the county treasury [Callaghan's St. 1920, ¶ 5628].

By the census of 1910, appellee had a population of more than 36,000 and not to exceed 50,000. During his term of office appellant received $2,800 per year beginning August 1, 1919, which was paid out of the State school fund, but he received no part of the $500, as provided in the resolution of June, 1919.

Appellant contends that the motion passed by the board of supervisors in June, 1919, to raise the salary $500, operated as an additional salary to be paid

from the county treasury, regardless of the amendment of section 27 in 1919; that the motion was passed pursuant to the provision of the Act of 1909, which was rewritten in the amendment of 1919; that the statute, when rewritten, should be construed as a continuation of the prior statute and not as a new enactment; that the action of the county board should continue in force being authorized by the Act of 1919, and, therefore, the total salary which appellant should have received was $3,300 instead of $2,800 per annum.

Appellee contends that the effect of the motion passed by the county board to raise the salary $500 was to increase the salary to the extent of $500 above the salary as then fixed by the existing law; that the amendment of 1919 repealed the pre-existing law, including the action taken by the board of supervisors under it; that appellant was entitled only to the $2,800 salary as fixed by the amendment of 1919, and was not entitled to an additional $500 by reason of the action of the county board; that the motion passed by the county board was in violation of section 11, article 9 of the Constitution, for the reason that it increased the salary of appellant after he had been elected in 1918.

A fundamental rule in statutory construction is to ascertain and give effect to the intention of the legislative body which passed the act. *Commerce Commission ex rel. Danville Brick Co. v. Cleveland, C., C. & St. L. Ry. Co.*, 320 Ill. 214; *Smith v. County of Logan*, 284 Ill. 163; *O'Neill v. Harding*, 233 Ill. App. 444; *City of Spring Valley v. Chicago, O. & P. Ry. Co.*, 200 Ill. App. 352. The intent is to be ascertained from a consideration of the entire act, the law existing prior to its passage, any changes made in the law by the act, the apparent motive for making such changes, and the consequences which will result from construing it one way or the other. *Armour Grain Co. v. Pittsburgh, C., C. & St. L. R. Co.*, 320 Ill. 156;

*City of Rockford v. Schultz,* 296 Ill. 254; *People v. Chicago, B. & Q. R. Co.,* 290 Ill. 327; *People v. Commissioners of Highways of Sullivant Tp.,* 270 Ill. 141; *Lee v. Board of Education, Marshall Tp. High School Dist. No. 200, Clark Co.,* 234 Ill. App. 141.

During the 4-year term beginning with 1914, appellant received a salary of $2,250, payable out of the State school fund, but he received nothing from the county. He was re-elected in 1918, and under the statute his term of office was to begin on the first Monday of August, 1919. The statute of 1909 recognized the fact that there might be cases in which the county superintendent would be entitled to more salary than was provided by section 27 payable out of the school fund. In order that he might receive more salary, section 27 provided that, in addition to the salary to be received out of the State school fund, the board of supervisors might increase the salary, which increase was to be paid out of the county treasury. It is apparent in this case that the board of supervisors, in June, 1919, determined that the salary of $2,250 received by appellant was not adequate, and that it should be raised. The language of the resolution is that it be raised $500. In other words, it was the purpose and intention of the board of supervisors that during the next 4-year term, appellant should receive $500 more than the $2,250 provided in section 27, making a total salary of $2,750. The motion to increase the salary was necessarily made under the Act of 1909, for the reason that the Act of 1919 had not been passed, was not in force and effect, and the board of supervisors had no knowledge that it would be passed, therefore it cannot be claimed that the board of supervisors intended to raise the salary $500 in addition to the $2,800 provided in the amendment of 1919. The conclusion is therefore irresistible that it was the intent and purpose of the board of supervisors to increase the salary only to $2,750.

The 1919 amendment went into effect after the increase in salary was made by the board of supervisors. It expressly provided that it should apply to all county superintendents who should enter upon the discharge of their duties after July 1, 1919. It provided a new scale, or basis of salaries, after July 1, 1919, to take the place of the old scale under the Act of 1909. It fixed the salary at $2,800 and such additional amount as the board of supervisors might see fit to allow. It did not provide that the salary should be $2,800 and such further sum as the board of supervisors had, prior to that time, allowed and fixed. To place such a construction upon the amendment would be contrary, not only to the language used, but it would also be contrary to the apparent intent of the legislature. If the Act of 1919 superseded the Act of 1909, then, after the amendment was made, it became the duty of the board of supervisors to determine whether the $2,800 should be the entire salary, or whether, in their judgment, appellant was entitled to an additional amount payable out of the county treasury. The effect of the amendment was not only to supersede the $2,250 fixed by the Act of 1909, but it also superseded the additional allowance as made prior to the date of amendment of 1919. In order for appellant to receive more than $2,800, it was necessary for the board of supervisors to vote the increase after the amendment had been made and before appellant assumed his office. It is true that most of the language of the Act of 1919, is identical with the language of the Act of 1909, but this fact is not conclusive in determining the effect of the amendment. If the board of supervisors, prior to the amendment, was of the opinion that appellant should receive a salary of only $2,750 and that such a salary was sufficient and adequate, it certainly is not true that the board in the absence of any affirmative action intended to make the salary $3,300. After the amend-

ment went into effect and before appellant entered upon his duties, the board of supervisors took no steps to allow an additional salary and for that reason appellant was only entitled to $2,800 per year.

In support of the contention that the amendment of 1919 is unconstitutional as far as appellant is concerned, our attention is called to *People v. Sweitzer*, 280 Ill. 436. In that case superior and circuit judges were elected in Cook county on June 7, 1915. On June 24, 1915, the legislature passed an act increasing the salary of the judges. The new salaries were not paid, and a mandamus proceeding was instituted to compel the payment at the increased amount. The question was as to the constitutionality of this statute increasing the salaries. It was held that the statute was constitutional in so far as it applied to judges thereafter elected, but that it was unconstitutional as to the judges who were elected on June 7, 1915; that the constitutional provision prohibiting any increase of salary of officers during their term of office applies to officers who have been elected and are sure of holding office as well as those who are in office. In other words, that the constitutional provision is applicable from the date an officer is elected notwithstanding the fact that he has not qualified and is not occupying the office; that the term of an elective office, when not fixed as to the date of its beginning and ending, begins on the date of the election, and the fact that when an officer holds over, the holding over is construed as a part of the original term, does not change the lawful term. The decision is based upon several grounds but it is there held that because of the fact that the statute increasing the salaries was passed after the election it was unconstitutional as to the judges who were elected prior to its passage.

It is contended by appellee that this decision is conclusive upon the question now before us. From a casual reading it would seem that it is conclusive of

this question, but upon careful examination it will be found that there is a material distinction between that case and the facts here presented. In that case the term of the circuit judges was not fixed by the constitution, or by statute, and for that reason it was held that the term of office began on the day of the election. In this case, the statute expressly provides that the term shall begin on the first Monday of August next preceding the election, and it cannot be claimed in this case that the term of the county superintendent of schools begins on the date of his election, therefore the increase in salary in this case was not during the term of office of appellant and therefore this decision is not controlling.

The court properly sustained the demurrer to the declaration and the judgment will be affirmed.

*Judgment affirmed.*